## CIRCUIT COURT OF FAIRFAX COUNTY

Alleco Financial Services

v.

Ellen Schor et al.

June 21, 1990

Case No. (Law) 96672

By JUDGE JOHANNA L. FITZPATRICK

This case comes before the Court on defendant's Motion to Exempt the Estate of Martin Schor from Garnishment and to Quash a Writ of Fieri Facias. Oral argument was heard on June 1, 1990. For the reasons stated below, the Motion is granted.

The facts pertinent to the instant Motion are as follows. On January 18, 1989, Martin Schor became a co-guarantor on a Promissory Note executed by Volpe Constructors ("Volpe") in favor of Alleco Financial Corp. ("Alleco"). Mr. Schor died four months later on May 15, 1989. His widow, Ellen Schor, was appointed executrix of his estate on June 14, 1989. An Inventory of Martin Schor's Estate was subsequently filed on January 23, 1990, showing total assets of $357,899.72.

Both parties hereto agree that Volpe did not pay its obligation when it became due, although the exact date of maturity of Volpe's note obligation is not recited in the pleadings. Alleco brought suit in the Circuit Court of Prince George's County, Maryland, on January 18, 1990, against Volpe and all co-guarantors, including Mr. Schor's estate ("Estate"). On February 2, 1990, Alleco was awarded summary judgment in an amount exceeding one million dollars against certain defendants, including Ellen Schor in her capacity as executrix of the Estate.

Alleco proceeded to register its Maryland judgment in this court on April 4, 1990. A garnishment summons was served on three banks seeking garnishment of certain bank accounts. Defendant Ellen Schor does not challenge the validity of the Maryland judgment but has nevertheless moved to quash execution of this summons, claiming that the Estate is not properly subject to this type of garnishment under Va. Code § 64.1-157 (the Priority Statute).

That statute establishes the order in which debts of decedents are to be paid:

> When the assets of the decedent in the hands of his personal representative are not sufficient for the satisfaction of all demands against him, they shall be applied in the following order to the payment of:
> 1. Costs and expenses of administration;
> 2. The allowances provided in Article 5.1 (§ 64.1-151.1 *et seq.*) of Chapter 6 of this title;
> 3. Funeral expenses not to exceed $500;
> 4. Debts and taxes with preference under federal law;
> 5. Medical and hospital expenses of the last illness of the decedent, including compensation of persons attending him not to exceed $400 for each hospital and $150 for each person furnishing services or goods;
> 6. Debts and taxes due this Commonwealth;
> 7. [Certain debts due as trustee for persons under disabilities];
> 8. All other items.
> No preference shall be given in the payment of any claim over any other claim of the same class, and a claim not due and payable shall not be entitled to preference over a claim not due.

Counsel for Alleco first reminds the Court that it must accord full faith and credit to the Maryland judgment, and the Court fully agrees; the Maryland judgment will be treated the same as would any Virginia judgment rendered against Martin Schor's Estate. Counsel then

contends that the foregoing statute does not apply "when valid executions are made against a debtor of the Estate [Bank] in order to satisfy lawful process."

Alleco's position disregards the mandatory language of § 64.1-157. The funds on deposit in these accounts constitute "assets of the decedent in the hands of his personal representative" while Alleco's judgment is a "demand against [the decedent]," as those terms are employed in the Priority Statute. There appears to be no basis for excluding Alleco's judgment from this statute.

On this point counsel for Alleco directs the Court's attention to Va. Code § 8.01-511 (the Garnishment Statute). That statute is a broadly-drafted provision which must yield to the specific provisions of the Priority Statute. *See Virginia Trust Co. v. Evans*, 193 Va. 425, 426 (1952) (holding that funds in decedent's bank accounts become assets of the estate within the executor's control); *see also Maness v. Tidewater Sand Co.*, 220 Va. 1042, 1047 (1980) (resolving priority of judgment debt arising during debtor's lifetime). Simply put, the Maryland judgment establishes that Alleco is entitled to some money while the Priority Statute determines exactly how much Alleco may be entitled to and when they get it.

Alleco's judgment must be treated as "all other claims" under § 64.1-157, to be paid only after all demands against the Estate of higher priority have been satisfied in due course. The Court will accordingly quash the execution of all garnishments in this case.